## SUPREME COURT.

THE PEOPLE *ex. rel.* JAMES E. JENKINS and JOHN A. CONDIT agt. THE PARKER VEIN COAL COMPANY, JOSEPH NOBLE, AND OTHERS.

Where it appears that a *stock company* have fraudulently issued *false certifiactes of stock* largely beyond the actual capital of the company, and the company have become insolvent; an *injunction* restraining the company and its officers from opening their transfer books for the transfer of any stock, even for owners who are stock brokers and require such transfers to be made in the regular course of their business, will be *granted* and *continued* until the courts or the legislature dispose of the matter.

*New-York Special Term, Nov.,* 1854.

MORRIS, Justice. This is a motion, by plaintiffs, for a mandamus requiring the Parker Vein Coal Company, and the other defendants, president and directors of said company, to permit Condit and Jenkins to transfer stock on the transfer books of said company, and also to permit transfers to be made in said books by all stockholders of said company who may

require the same to be made " according to the regulations of the company and the usual course of business."

The facts in the case, as established by the papers used by the parties, are as follows :—

The Parker Vein Coal Company is incorporated by the state of Maryland, with a capital of not exceeding $3,000,000, to be divided into shares of $100 each, being thirty thousand shares. Prior to June, 1854, some of the officers of the company, who were legally authorized to issue certificates of stock, and to transfer stock, fraudulently issued false certificates of stock to a large amount; so that prior to June, 1854, there had been issued, and was then and is now outstanding, certificates of stock of over 150,000 shares, being over 120,000 certificates of shares of stock more than the act of the legislature authorized. These fraudulent issues of false certificates of stock upon their face are precisely similar to the genuine certificates; it is therefore impossible, by inspection, to designate which are genuine and which are false.

On the 12th of June last, an injunction out of the supreme court was issued against the company, &c., forbidding the transfer of stock by the officers of the company, which injunction is still in force. The plaintiffs in this suit were not parties to that suit. It is agreed by the parties to the application that this motion may also be deemed a motion to dissolve that injunction.

The Parker Vein Company have become insolvent, and an assignment of all their property and effects has been made for the benefit of all their creditors.

The plaintiffs in this suit own and hold certificates of stock, which they have sold and desire to transfer, and are stock-brokers, and they require the power of transferring the stock of this company to facilitate their business operations.

Certificates of stock are only evidence of the existence of stock and of its ownership. These false certificates are false witnesses—false pretences—there is no truth in what they assert.

This fraudulent issue of false certificates of stock cannot increase the capital of the company, lessen the par value of the

shares, or increase the number of shares. No act of the company, of its officers or directors, or stockholders, either by agreement or fraud, can increase the capital of the company, or increase the number of shares. The legislature alone possesses such power. Therefore, there is not and cannot be (short of an act of the legislature) any stock represented by these falsifications.

To open the books for the transfer of stock would lead to the circulation and transfer of these one hundred and twenty thousand false certificates as genuine, would increase the difficulties of tracing the genuine certificates of stock, would change the evidence in relation to these certificates, and would additionally expose holders of stock and the community to injury.

The evidence of the parties interested must be left where it stood when the frauds were discovered until the courts, by adjudication, or the legislature by enactment, dispose of the matter.

For these reasons I deny plaintiffs' motion.

In arriving at this conclusion, I have not considered the question whether mandamus would be a proper remedy were the merits of the question with plaintiffs.